STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
EMMET P. ONG (NYBN 4581369)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone: (510) 637-3929
    Facsimile: (510) 637-3724
    E-mail: emmet.ong@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUONG NGUYEN and PHUONG T. NGUYEN, D.D.S., INC. (d/b/a LASER COSMETIC DENTISTRY),<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO, N.A. *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO:    The United States District Court for the Northern District of California

    PLEASE TAKE NOTICE THAT the United States of America hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1442, 1446, 2671-2680. In support of such removal, the United States represents the following:

    1.    On September 16, 2019, Plaintiffs Phuong Nguyen and Phuong T. Nguyen, D.D.S., Inc. (d/b/a Laser Cosmetic Dentistry) filed a Third Amended Complaint ("TAC") in *Phuong Nguyen et al. v. Wells Fargo, N.A. et al.*, No. 18CIV06581, which is pending in the Superior Court of California, County of San Mateo. According to a filing made in the Superior Court on August 4, 2021, Plaintiff amended

the TAC to name Joseph King III, an employee of the U.S. Small Business Administration ("SBA"), as a defendant.

2. On October 25, 2022, King received, for the first time, a summons, a copy of the TAC, and the amendment filed on August 4, 2021 naming him as a defendant. Copies of all the documents received by King are attached hereto as Exhibit 1.

3. The TAC alleges a wrongful foreclosure of Plaintiffs' property by Wells Fargo, N.A. ("Wells Fargo"). TAC ¶ 1. Plaintiff Nguyen claims that on November 7, 2018, she received two letters from Wells Fargo that led her to believe she had 30 days to pay off the loans related to the property. *Id.* at ¶¶ 26-27. Plaintiffs allege that, contrary to the representations in the letters, Wells Fargo sold the property in foreclosure on November 9, 2018. *Id.* at ¶ 35. Plaintiffs also allege that Wells Fargo and the buyer of the property engaged in fraud and bid rigging because the property was sold far below its market value. *Id.* at ¶¶ 39-40, 47-49. None of these allegations, or any of the other allegations made in the TAC, mention or otherwise make reference to King or the SBA. Nevertheless, Plaintiffs purport to bring two state law causes of actions against King (as well as all the other defendants) for conversion and unfair competition. *Id.* at ¶¶ 112-123 (Seventh Cause of Action against all defendants), ¶¶ 124-131 (Eighth Cause of Action against all defendants).[1]

4. The United States Attorney, through her designee, has certified that King was acting within the scope of his office or employment with the SBA at the time of the alleged incidents giving rise to Plaintiffs' claims. The certification is attached hereto as Exhibit 2.

5. No trial has taken place in the state court action and no trial date has been set.

6. The Federal Tort Claims Act ("FTCA") "is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name." *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (citing 28 U.S.C. § 2679(a)). The FTCA also provides the exclusive remedy for any negligent or wrongful act or omission of any federal employee while acting within the scope of her office or employment. 28 U.S.C.

---

[1] The other causes of action alleged in the TAC are against either Wells Fargo only (*id.* at ¶¶ 70-111) or the purchaser of the property only (*id.* at ¶¶ 50-69, 132-138).

§ 2679(b)(1). Here, Plaintiffs' claims against King are for conversion and unfair competition, and, therefore, sound in tort. Such claims must therefore be brought under the FTCA.

7. The FTCA provides that, upon certification that King was acting within the scope of his office or employment at the time of the incidents out of which Plaintiffs' claim arose, the civil action pending against him in state court "shall be removed without bond at any time before trial" to the United States District Court for the district in which the action is pending. 28 U.S.C. § 2679(d)(2). "This certification . . . shall conclusively establish scope of office or employment for purposes of removal." *Id.* There having been no trial in the state court action, removal of Plaintiffs' civil action against King from the Superior Court of California, County of San Mateo, to this Court is proper.

8. Furthermore, by operation of 28 U.S.C. § 2679(d)(2), the scope certification effects the substitution of the United States as the party defendant on Plaintiffs' TAC as it pertains to King. *See also Kennedy*, 145 F.3d at 1078 ("[T]he United States is the only proper party defendant in an FTCA action . . . .").

9. Civil actions commenced in state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to the United States District Court where the state court action is pending. 28 U.S.C. § 1442(a)(1). Notice of such removal must be filed within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1). Pursuant to these statutory provisions, the United States, as the proper party defendant, may remove the state court civil action brought by Plaintiffs so long as it does so by November 25, 2022 (i.e., within 30 days of October 25, 2022).[2] Because the filing of this notice of removal is timely, removal of Plaintiffs' civil action against King from the Superior Court of California, County of San Mateo, to this Court is proper.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal will be promptly served upon all adverse parties and filed with the clerk's office for the Superior Court of California, County of

---

[2] November 24, 2022 is Thanksgiving Day.

San Mateo.

WHEREFORE, the United States respectfully submits that this notice removes this action from the Superior Court of California, County of San Mateo, to this Court.

DATED: November 15, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/ *Emmet P. Ong*
EMMET P. ONG
Assistant United States Attorney

*Attorneys for Defendant United States of America*