Exhibit 1

AMENDED **SUMMONS**    34-38
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*    Fresno Commercial Loan Service Center
801 R Street, Suite 101
Fresno, CA 93721

WELLS FARGO, N.A.; business entity; A.J.E. Investment Group, LLC
d/b/a/ AJE Investment Group, LLC, a business entity;  [See attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PHUONG NGUYEN, an Individual; Phuong T. Nguyen, D.D.S., Inc.
d/b/a Laser Cosmetic Dentistry, business entity,

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON    **8/19/2021**
By    **/s/ Una Finau**
        **Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California<br>for the County of San Mateo - Hall of Justice<br>400 County Center, Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):*<br><br>18CIV06581 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Phuong Nguyen, pro se    937 Farrier PL., Daly City, CA 94014-1480    (650)228-6880

DATE:    8/19/2021    Neal I. Taniguchi    Clerk, by    /s/ Unaloto Finau    , Deputy
*(Fecha)*                                              *(Secretario)*                                                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| SHORT TITLE:<br>Phuong Nguyen vs. Wells Fargo, NA | CASE NUMBER:<br>18CIV06581 |
| --- | --- |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JAMIE GONZALEZ, an Individual, and DOES 1 through 50, inclusive; CHARLES MATSON; UNITED STATES SMALL BUSINESS ADMINISTRATION; JOVITA CARRANZA; CHRISTINA GOBELSMAN aka Counsel for prior non-party, United States SBA;
STEVEN BRYAN MAINS; The Mortgage Capital Development Corporation; AEL Financial, LLC; U.S. BANCORP; Noel M. Nino aka Rep for The Mortgage Capital Development Corporation; Timothy J. Sloan aka CEO for Wells Fargo Bank, NA; John R. Shrewsberry aka CFO for Wells Fargo Bank, NA; Debra Francesconi aka Improper Signing employee from WT Capital Lender Services, a California Corporation; WT Capital Lender Services, a California Corporation; Debra Hamilton Berg aka Corporate Secretary from WT Capital Lender Services, a California Corporation; Hanno T. Powell aka CEO from WT Capital Lender Services, a California Corporation; Maria A. Nunez aka Maria Simental aka Maria Nunez Simental aka Trustee Sales Officer re Notice of Trustee Sale;
Wells Fargo & Company; Vishnu Shanker aka Dentist Tenant; Deborah Sullivan; Karen Fitzgerald; Donna H. Tran; Michael Whitlock; Beverly Milanowski; Serena Lee; Re/Max Mid Peninsula Inc.; A.J.E. Investment Group II, LLC; Leticia C. Gonzalez; 308 Torino LLC; J Gonzalez Investment Inc.; Gregory D. Hansen dba Hansen Valuation Services; GUADALUPE L. MENDEZ, Trustee of The Mendez Family Trust dated September 20, 2012; NORTH AMERICAN TITLE COMPANY INC.;
JOSEPH KING III; JANICE NIETES; CYNTHIA BASCO;
MICHAEL FLORES; VISHNU SHANKAR
and DOES 39 through 50, inclusive,

       Defendants.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**DOE 34**

| | |
|---|---|
| Phuong Nguyen, an individual<br>937 Farrier PL.<br>Daly City, CA 94014<br>(650)228-6880<br>Plaintiff pro se | FOR COURT USE ONLY<br><br>Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON 8/4/2021<br>By /s/ Tanesha Gaines<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff<br>Phuong Nguyen, et. al. | |
| Defendant<br>Wells Fargo, N.A., et. al. | |
| **AMENDMENT TO COMPLAINT** | Case Number<br>**18CIV06581** |

## FICTITIOUS NAME (no order required)

Upon filing the complaint herein, *Plaintiff Phuong Nguyen, an individual*, being ignorant of the true

name of a Defendant and having designated said Defendant in the complaint by the fictitious name of **DOE 34**

and having discovered the true name of said Defendant to be **JOSEPH KING III**

hereby amends the complaint by inserting such true name in place instead of such fictitious

name wherever it appears in said complaint.

DATED: **08/04/2021**

_____

*Phuong Nguyen, an individual, pro se*

## INCORRECT NAME (requires order thereon)

Plaintiff(s) having designated a Defendant in the complaint by the incorrect name of _____

and having discovered the true name of the said Defendant to be _____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it

appears in said complaint.

_____

ATTORNEYS FOR PLAINTIFF(S)

## ORDER

Proper cause appearing Plaintiff(s) is / are allowed to file the above amendment to the complaint.

DATED: _____

_____

JUDGE OF THE SUPERIOR COURT

CV-1 [Rev. 3/04]                                                www.sanmateocourt.org

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       ) ss.
COUNTY OF SAN MATEO                    )

I am over the age of 18 years and not a party to the within entitled action.

The fee for service of process was $0.00

*My business or mailing address is: **P.O. Box 981, Brisbane, CA 94005**

***On **August 4, 2021,** **I served** the document attached hereto or provided herewith, **namely:**

AMENDMENT TO COMPLAINT re Discovery of identity of Fictitiously sued DOE

__x__ **(by Mail)** By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid to be placed in the U.S. Mail, addressed as set forth below.

**ADDRESSES:**

1. **Jonathan Seigel** and Timothy Silverman at Scheer Law Group LLP

   155 N. Redwood Dr., STE 100, San Rafael, CA 94903 **[for AJE & Jaime Gonzalez]**

2. **Robert A Bailey** at Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP

   301 North Lake Ave., Suite 1100, Pasadena CA 91101-4158 **[for Wells Fargo]**

3. **Brian S. Healy of Tierney Watson & Healy** **[email: brian@tw2law.com ]**

   [for The Mortgage Capital Development Corporation]

   595 Market St., Suite 2360, San Francisco, CA 94105

4. **Christopher Douglas Greinke for North American Title Company**

   711 W. Kimberly Ave., Suite 200, Placentia, CA 92870

5. Emmet P. Ong of U.S. Attorney's Office [for U.S. SBA]

   1301 Clay Street, Suite 340-S       Oakland, CA 94612

I certify or declare, under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on **August 4, 2021 in Daly City, California**

By x_____(server) **Server: Donn Petterson**

1

REUBEN L. NOCOS, ESQ. [SBN 238011]
Nocos Law Group
530 Lawrence Expressway #334
Telephone (650) 378-8593
Facsimile (650) 489-9091

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON        9/16/2019
By_____ /s/ Una Finau
              Deputy Clerk

Attorneys for Plaintiffs
PHUONG NGUYEN;
PHUONG T. NGUYEN, D.D.S., INC. d/b/a LASER
COSMETIC DENTISTRY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| PHUONG NGUYEN, an individual; PHUONG T. NGUYEN, D.D.S., INC. d/b/a LASER COSMETIC DENTISTRY, business entity, <br><br> Plaintiffs <br><br> v. <br><br> WELLS FARGO, N.A., business entity; A.J.E. INVESTMENT GROUP, LLC d/b/a AJE INVESTMENT GROUP, LLC, a business entity; JAIME GONZALEZ, an individual; and DOES 1 through 50, inclusive. <br><br> Defendants. | Case No: 18CIVO6581 <br><br> PLAINTIFFS' THIRD AMENDED COMPLAINT |

Plaintiffs PHUONG NGUYEN and PHUONG T. NGUYEN, D.D.S., INC. d/b/a LASER COSMETIC DENTISTRY, alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs' property was sold at wrongful foreclosure during loan payoff period. In fact, just days before the foreclosure sale occurred, Defendant WELLS FARGO, N.A. ("WELLS FARGO") sent Plaintiff DR. PHUONG NGUYEN two different letters informing her that "This

payoff is effective for 30 calendar days from the date of this letter." DR. PHUONG NGUYEN, as the owner, president, and principal dentist of Plaintiff, NGUYEN DENTAL PRACTICE, DR. NGUYEN was ready, willing, and able to pay off the full amount. Despite this representation, Defendant WELLS FARGO sold the property at foreclosure days later to Defendant A. J. E. INVESTMENT GROUP, LLC ("AJE") for far less than market value, during the payoff period. Likewise, Defendant AJE is not innocent in this dispute. Plaintiff, DR. PHUONG NGUYEN, on behalf of Defendant NGUYEN DENTAL PRACTICE, told Defendant AJE prior to the foreclosure sale that Wells Fargo was stealing the property and she was going to sue them. As such, AJE was on notice that title to the property was disputed. This lawsuit follows.

**JURISDICTION AND VENUE**

2.     This is an action asserting violations of California State Law. Plaintiffs DR. PHUONG NGUYEN and PHUONG T. NGUYEN, D.D.S., INC d/b/a LASER COSEMETIC DENTISTRY bring this action as result of Defendants' unlawful conduct concerning the loan and foreclosure of the property located at 648 Jenevein Ave., San Bruno, CA 94066 (the "Property"). Venue is proper in this Court because substantial part of the events giving rise to the claims herein occurred in the City of San Bruno, County of San Mateo, California.

3.     This court has personal jurisdiction over the parties as Defendants engage in business within the County of San Mateo, State of California. Defendant WELLS FARGO BANK, N.A. ("WELLS FARGO") is involved in business that provides mortgage loans and related services to consumers in the State of California. Defendant A. J. E. INVESTMENT GROUP, LLC d/b/a AJE INVESTMENT GROUP LLC ("AJE") is incorporated in the State of California. Defendant JAIME GONZALEZ ("GONZALEZ") is resident of the State of California.

**PARTIES**

4.     At all times mentioned herein, Plaintiff DR. PHUONG NGUYEN is an adult resident of San Mateo County, California. Plaintiff DR. PHUONG NGUYEN is president of PHUONG T. NGUYEN, D.D.S., INC d/b/a LASER COSEMETIC DENTISTRY ("NGUYEN DENTAL PRACTICE").

THIRD AMENDED COMPLAINT
- 2

5.     Plaintiff NGUYEN DENTAL PRACTICE is a business entity. Plaintiff NGUYEN DENTAL PRACTICE held the deed to the Property at the time of the wrongful foreclosure sale.

6.     At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant WELLS FARGO is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiffs are informed and believe and thereon allege that Wells Fargo was the owner and servicer of the loan secured by Plaintiffs' Property at the relevant times of the allegations herein. Plaintiff is informed and believes and thereon alleges that Wells Fargo regularly conducts business in the State of California.

7.     Plaintiffs are informed and believe and thereon allege that Defendant AJE is a real estate investment company. Plaintiff is informed and believes and thereon alleges that AJE purchased the property at the November foreclosure sale.

8.     Plaintiffs are informed and believe Defendant JAIME GONZALEZ is an agent of Defendant AJE. Defendant GONZALEZ has entered the premises on multiple occasions since the foreclosure sale, including to change the locks.

9.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does through 50, inclusive, and Plaintiffs will amend this Complaint to allege such names and capacities at such time as they are ascertained. Each fictitiously named Defendant is responsible in some manner for the wrongful acts complained of herein.

## AGENCY ALLEGATIONS

10.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants were acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, additionally has inherited any violations and/or the liability of their predecessors-in-interest, and has also passed on liability to their successors-in-interest, and at all times was acting within the course and scope of such agency, employment, partnership, and/or concert of action.

THIRD AMENDED COMPLAINT
- 3

## STATEMENT OF FACTS

11.    Plaintiff NGUYEN DENTAL PRACTICE is the owner of the commercial property located at 648 Jenevein Ave., San Bruno, CA 94066 (the "Property"). Plaintiff DR. NGUYEN and her ex-husband bought the Property in 2006. She intended to renovate the building in order to operate her dental practice from it.

12.    In or around April 2006, Plaintiff DR. NGUYEN and her ex-husband received a letter from Wells Fargo SBA Lending of approval for two loans to purchase the Property. Plaintiff DR. NGUYEN and her ex-husband purchased the Property in June 2006, executing a promissory note and Deed of Trust in favor of Defendant WELLS FARGO. Defendant WELLS FARGO continued to be the beneficiary and servicer of the first lien loan until the wrongful foreclosure sale in November 2018. TMC is the servicer of the SBA loan.

13.    In June 2007, Wells Fargo SBA Lending sent Plaintiff DR. NGUYEN letter approving $346,050.00 construction loan and an SBA loan. Plaintiff DR. NGUYEN executed Construction Loan Note in favor of WELLS FARGO and secured the loan to the property pursuant to another Deed of Trust. This Deed of Trust contains provision for attorney's fees.

14.    The SBA 504 loan for construction was originally for about $276,000.00, with $76,000.00 originally allocated for dental cabinet and $196,000.00 originally allocated for for dental equipment.

15.    DR. NGUYEN entered construction agreement with Barber Construction. After large storm hit in 2008, DR. NGUYEN discovered major water leaks on all four walls of the building. Barber Construction refused to finish the construction and DR. NGUYEN had to hire different construction company to finish construction.

16.    Due to these cost overruns from the construction defects, Plaintiff DR. NGUYEN reallocated $197,000.00 equipment funds in the SBA loan to complete the construction.

17.    Then Plaintiff DR. NGUYEN took out three leases for equipment from U.S. Bank, AEL Financial, and Dell Computers for total of around $280,000.00. The City conditioned granting its certificate of occupancy on the installation of the dental equipment. WELLS FARGO did not fund the dental equipment.

18.    In 2014, DR. NGUYEN signed settlement agreement with U.S. Bank which completely paid off her equipment lien with U.S. Bank.

19.    In 2015, DR. NGUYEN signed settlement agreement with AEL Financial which likewise paid its equipment lien.

20.    In or around May 2015, Plaintiff requested information for refinancing of the first WELLS FARGO loan which was to mature in July 2016.

21.    Defendant WELLS FARGO's Representative sent a letter dated February 9, 2016 which stated that the Defendant does not have an obligation to extend the loan.

22.    By July 2016, when the first loan matured, Defendant WELLS FARGO began to refuse payments on the construction loan; which had not matured. Defendant WELLS FARGO demanded Plaintiff pay of the entire loan, which had not yet come due.

23.    In October 2018, Plaintiff DR. NGUYEN transferred the property to NGUYEN DENTAL PRACTICE.

24.    In November 2018, Plaintiff DR. NGUYEN was attempting to pay off her WELLS FARGO loans in full and had multiple options which would have allowed her to do so. As an example, Plaintiff DR. NGUYEN had the option to sell her practice for around $750,000.00. Alternatively, Plaintiff DR. NGUYEN had arranged to take out $750,000 loan from private lender to pay off WELLS FARGO's loans. Additionally, Plaintiff DR. NGUYEN had buyer who was interested in purchasing the property. Additionally, Plaintiff DR. NGUYEN had sufficient amount in her retirement and money available from her family to pay off at least the construction note in full. Additionally, Plaintiff was attempting to take equity out of her home to pay off the loan, but WELLS FARGO prevented her from doing so.

25.    As part of her effort to pay off the loan, Plaintiff DR. NGUYEN requested payoff quote from Defendant WELLS FARGO on November 5, 2018.

26.    On November 7, 2018, Plaintiff DR. NGUYEN received two letters ("the Payoff Letters") (Exhibit and Exhibit B) from Defendant WELLS FARGO. Both letters were dated November 6, 2018.

27.    This led Plaintiff DR. NGUYEN to believe that she had 30 days to pay off the loan.

28.     Conversations with WELLS FARGO representatives, also caused Plaintiff DR. NGUYEN to believe that she had to pay off both loans to postpone the foreclosure, notwithstanding any other information from other sources.

29.     Plaintiff DR. NGUYEN was determined to work out paying off the loans and relied on the representations by the letters and conversations with WELLS FARGO representatives that led her to believe she had to pay off both loans to postpone the foreclosure and that she had until November 7, 2018 to pay.

30.     The amounts listed in the Payoff Notice were tens of thousands of dollars higher than those in the Notices of Default. One note, the note which WELLS FARGO ultimately foreclosed on, was inflated by $73,240.54 in unlawful legal fees.

31.     Regardless, the loan Plaintiff DR. NGUYEN had secured was sufficient to pay off the loan entirely.

32.     Plaintiff DR. NGUYEN was ready, willing, and able to pay off the loan.

33.     Plaintiff could have taken other courses of action to postpone the sale had she not believed she had 30 days to pay off the loans or had she not believed she had to pay off both loans at once. For instance, Plaintiff DR. NGUYEN could have paid off the loan completely with money from her retirement account and money borrowed from her family. She or NGUYEN DENTAL PRACTICE could also have declared bankruptcy, which would have allowed her sufficient time to complete the sale of her practice, or her building, and pay off her arrears.

34.     Plaintiff DR. NGUYEN informed WELLS FARGO, via her attorney, on November 9, 2018, prior to the sale, that she agreed to pay the payoff amounts and had been approved by hard money lender in an amount sufficient to pay off both loans. Plaintiff requested Defendant please halt the foreclosure sale scheduled for later that day so that Plaintiff could pay off the note.

35.     Despite this fact, and contrary to the representations of the letters, the Property was sold in foreclosure on November 9, 2018—just days after Defendant WELLS FARGO sent the 30-day Payoff Letters to Plaintiff DR. NGUYEN.

36.     Additionally, while the Construction Deed of Trust created lien on some personal property, it only created lien on personal property "attached or affixed" to the Property and items

"that are directly or indirectly related to the acquisition, development, design, construction, permitting, marketing, or habitation of the Real Property or the Improvements to be constructed on the Real Property."

37.     Plaintiffs assert that this includes "ALL" of Plaintiffs' personal property, as the Notice of Trustee Sale declared.

38.     Several of Plaintiff DR. NGUYEN's personal property were assigned and deeded to Plaintiff NGUYEN DENTAL PRACTICE years before the wrongful foreclosure.

39.     The Property was appraised at around $1,880,000.00 at the time of the wrongful foreclosure.

40.     The Property was sold at foreclosure for only $454,589.00. Given that the sale was so far below market rate, Plaintiffs believe and thereon allege that the sale was product of fraud and bid rigging and the purchaser was therefore not bona fide purchaser for value.

41.     The Payoff amount for the construction lien had been listed as $453,525.01, (WELLS FARGO added $73,240.54 in legal fees, $19,892.96 in appraisal fees, $6,800.00 in environmental fees; and $8,867.62 in other fees to the balance).

42.     Defendant AJE bought the property at the foreclosure sale.

43.     Defendant AJE has filed an unlawful detainer action, Case No. 18UDL01216, against DR. NGUYEN and NGUYEN DENTAL PRACTICE.

44.     Plaintiff was attempting to tender prior to the sale.

45.     Plaintiffs were excused from tender due to a void sale.

46.     If Plaintiffs are not excused, Plaintiffs are hereby able to tender using funds that will be borrowed from family and from Plaintiff DR. NGUYEN's retirement account and other sources.

## FACTS RELATING TO AJE'S NON-BFP STATUS

47.     In addition to having direct liability for the wrongful eviction, Plaintiff believes and thereon alleges Defendant AJE is not bona-fide purchaser for value. Plaintiffs are informed and believes the average discount purchaser enjoys in the competitive San Francisco Bay Area foreclosure sale market is only 10—15%. In the case at hand, the winning bid was hundreds of thousands of dollars below market rate.

48.     Plaintiffs are informed and believes that the winning bid was the product of bid rigging and fraud, due to insider information provided by Plaintiff DR. NGUYEN's colleague in the dental industry.

49.     Plaintiffs are informed and believes that the insider information provided by this colleague was used by AJE to bid less than a dollar over the opening bid.

## FIRST CAUSE OF ACTION
### Quiet Title
(NGUYEN DENTAL PRACTICE against AJE)

50.     Plaintiff NGUYEN DENTAL PRACTICE incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

51.     As indicated above, the Property that is subject of this lawsuit is located at 648 Jenevein Ave., San Bruno, CA 94066, more particularly known as APN 020-256-090.

52.     Plaintiff NGUYEN DENTAL PRACTICE seeks determination that Plaintiff NGUYEN DENTAL PRACTICE holds title to the Property and seeks to quiet title as of November 9, 2018, the date Defendant AJE purchased Plaintiffs Property at foreclosure.

53.     Here, since there are significant irregularities in the foreclosure process that induced Plaintiffs not to take action to pay off the liens, the sale is void.

54.     Plaintiff was attempting to tender prior to the sale.

55.     Plaintiffs were excused from tender due to a void sale.

56.     If Plaintiffs are not excused, Plaintiffs are hereby able to tender using funds that will be borrowed from family and from Plaintiff DR. NGUYEN's retirement account and other sources.

57.     Plaintiff could have prevented the sale of the Property if Defendant WELLS FARGO had complied with California law governing the foreclosure process and notice to Plaintiff regarding the same.

58.     In addition, there was no valid foreclosure sale because there was no actual bidding process.

59.     Moreover, Defendant was not a bona fide purchaser for value because it did not purchase the Property in good faith.

60. Plaintiffs are informed and believes that the winning bid was the product of bid rigging and fraud, due to insider information provided by Plaintiff DR. NGUYEN's colleague in the dental industry.

61. Plaintiffs are informed and believes that the insider information provided by this colleague was used by AJE to bid less than a dollar over the opening bid.

62. Plaintiff DR. NGUYEN told Defendant AJE'S representative prior to its putative purchase that WELLS FARGO was stealing her property and she intended to sue it. As such, AJE was on notice that title to the property was contested.

63. Additionally, the Property was sold at foreclosure for only $454,589.00. Given that the sale was so far below market rate, Plaintiff believes and thereon alleges that the sale was product of fraud and bid rigging and the purchaser was therefore not bona fide purchaser for value. 5

64. Plaintiff NGUYEN DENTAL PRACTICE hereby prays for determination of its interest in the title to the Property against the adverse claims by Defendant.

## SECOND CAUSE OF ACTION
### Violation of Cal. Civ. Code 2924h(g)
(NGUYEN DENTAL PRACTICE against AJE)

65. Plaintiff incorporates all allegations of this Complaint and re-allege them as though they were fully set forth herein.

66. Defendant AJE violated Cal. Civ. Code 2924h(g). 2924h(g) states that, "it shall be unlawful for any person, acting alone or in concert with others, (1) to offer to accept or accept from another, any consideration of any type not to bid, or (2) to fix or restrain bidding in any manner, at sale of property conducted pursuant to power of sale in deed of trust or mortgage." Plaintiff alleges that the bidding was fixed or restrained as evidenced by the fact that the property sold for only pennies over the opening bid. Given such negligible increase over the opening bid when the assessed price is hundreds of thousands of dollars over the opening bid, insider information exchanged between GONZALES and the colleague of Plaintiff DR. NGUYEN, the facts indicate that other bids were suppressed.

67.     Defendant AJE's conduct has resulted in various harms including, but not limited to, the loss of Plaintiff property to foreclosure, credit damage, and other damages, to be proven at trial.

68.     Defendant AJE's interference with Plaintiffs rights have resulted in damages to Plaintiff, including loss of reputation and goodwill.

69.     Defendant is also guilty of malice, fraud and/or oppression, as defined in California Civil Code 3294. Defendant's actions were in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorneys' fees.

## THIRD CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
(against WELLS FARGO)

70.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

71.     Defendant's conduct, as alleged above, constitutes breach of the covenant of good faith and fair dealing implied in every contract under California law. This covenant creates an obligation in Defendant not to hinder or prevent Plaintiffs' ability to perform under the contract.

72.     Pursuant to the Deed of Trust, Plaintiffs had an obligation to make monthly payments and the owner or holder of the note has the implicit obligation not to hinder or prevent Plaintiffs' ability to perform under the Loan or hinder Plaintiffs' ability to receive the benefit of the Loan.

73.     Defendant's conduct, as alleged above, constitutes breach of the covenant of good faith and fair dealing implied in every contract under California law.

74.     In the case at hand, Defendant interfered with Plaintiff's ability to pay off the loan in that Defendant led Plaintiffs to believe that they had more time to reinstate the loan and gave misleading instructions.

75.     Specifically, pursuant to the Deed of Trust, Plaintiffs had right of reinstatement. In the case at hand, Defendant interfered with this right.

76. Further, Defendant WELLS FARGO misrepresented to Plaintiff DR. NGUYEN that she would have 30 days from November 6, 2018 to pay off the loans.

77. Further, conversations with WELLS FARGO also caused Plaintiff DR. NGUYEN to believe that she had to pay off both loans to postpone the foreclosure. In fact, she only had to pay off the construction loan or its arrears to postpone the foreclosure.

78. Despite this fact, and in Stark contrast to WELLS FARGO's representations and WELLS FARGO'S Payoff Letters to Plaintiff, on November 9, 2018 Plaintiffs' Property was sold at an unlawful trustee sale.

79. Defendant's interference with Plaintiffs' contractual rights has resulted in various harms including, but not limited to, the foreclosure of Plaintiffs' property, the destruction of Plaintiffs' credit and the accumulation of excessive arrears on the Loan, disruption in Plaintiffs' dental practice, expenditure of attorney's fees, and other contract damages.

## FOURTH CAUSE OF ACTION
### Fraud
### (against WELLS FARGO)

80. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

81. The elements for fraud are: (1) false statement of material fact and knowledge on the part of the defendant that the statement is untrue; (2) intent on the part of the defendant to deceive 0.r recklessness; (3) justifiable reliance by the alleged victims on the statement; and (4) plaintiff suffered damages.

82. In this case, Defendant WELLS FARGO misrepresented to Plaintiff DR. NGUYEN, as the owner, president, and principal dentist of Plaintiff, NGUYEN DENTAL PRACTICE, that Plaintiffs had 30 days to pay off the loans.

83. Defendant WELLS FARGO knew it had scheduled foreclosure sale on November 9, 2018 when it sent these letters. Additionally, conversations with WELLS FARGO's representatives also caused Plaintiff DR. NGUYEN to believe that Plaintiffs had to pay off both loans to postpone the foreclosure, including sending payoff quotes for both loans.

84. In fact, she only had to pay off the construction loan or its arrears to postpone the foreclosure.

85.     The statements made by WELLS FARGO were false when made. However, Plaintiffs were unaware of the falsity and relied on these statements by not immediately pursuing available foreclosure alternatives, including obtaining a loan from friends, family or Plaintiff DR. NGUYEN's retirement accounts, as well as lining up investors to make a bid at the foreclosure to allow Plaintiffs to retain control of the Property.

86.     However, because of Defendant's representations regarding the status of payoff options, Plaintiffs did not pursue these options and ultimately the Property was sold because of Plaintiffs' justifiable reliance on Defendant's statements.

87.     Defendant made these misrepresentations either knowingly and intentionally or recklessly.

88.     Plaintiffs' reliance on Defendant's representations regarding the status of payoff period was reasonable, as Defendant was the owner and servicer of Plaintiffs' loan, with the actual or apparent knowledge regarding the status of the foreclosure.

89.     Plaintiff, DR. NGUYEN could have immediately paid off her arrears on the construction loan with money from her retirement account and family had DR. NGUYEN not been led to believe she had to pay off both loans to postpone the foreclosure sale.

90.     Plaintiff was trying to pay off both loans in their entirety and Plaintiff had multiple options which would have allowed her to do so, or at least pay off the construction loan. As an example, Plaintiff DR. NGUYEN had the option to sell her practice; to take out loan from private lender; work with an investor; withdraw money from her retirement account; and and readily available loans from her family.

91.     Plaintiffs could have taken other courses of action to postpone the sale had DR. NGUYEN not believed she had 30 days to pay off the loan. For instance, Plaintiff DR. NGUYEN could have paid off the loan completely with money from her retirement account and money borrowed from her family.

92.     As result of Plaintiffs' reasonable reliance, they have suffered, and continue to suffer, actual damages including, but not limited to, the loss of the Property, the loss of equipment, loss of money including but not limited to losses through overcharges, loss of reputation and goodwill and destruction of credit.

93.     Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

### FIFTH CAUSE OF ACTION
**Negligent Misrepresentation**
(against WELLS FARGO)

94.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

95.     Defendant WELLS FARGO's conduct, as alleged above, constitutes negligent misrepresentation. California Civil Code §1710(2), sets forth the cause of action for negligent misrepresentation. The elements for cause of action for negligent misrepresentation are (1) defendant makes representation as to past 0r existing material fact, (2) defendant made the misrepresentation without any reasonable grounds for believing it to be true, (3) the representation was made with the intent to induce the plaintiff to rely upon it, (4) plaintiff was unaware of the falsity of the representation and acted in justifiable reliance on the representation, and (5) damages.

96.     In the present case, Defendant WELLS FARGO misrepresented to Plaintiff DR. NGUYEN that payoff option would be effective for 30 calendar days from November 6, 2018.

97.     Additionally, conversations with WELLS FARGO also caused Plaintiff DR. NGUYEN to believe that Plaintiffs had to pay off both loans to postpone the foreclosure. In fact, they only had to pay off the construction loan or its arrears to postpone the foreclosure.

98.     Despite this fact, and in stark contrast to WELLS FARGO'S representations and WELLS FARGO'S Payoff Letters to Plaintiff, on November 9, 2018 Plaintiffs' Property was sold at trustee's auction.

99.     The statements made by WELLS FARGO were false when made. However, Plaintiffs were unaware of the falsity and relied on these statements by not pursuing other foreclosure prevention alternatives, such as taking out money from Plaintiff DR. NGUYEN's retirement account or loan to clear the arrears, selling the dental practice, or even selling the

Property on the open market to avoid loss of equity. However, because of Defendant's representations regarding the status of payoff option, Plaintiffs did not pursue these options and ultimately the property was sold because of Plaintiffs' justifiable reliance on Defendant's statements.

100.    Defendant made these misrepresentations knowingly and in order to induce Plaintiffs not to pursue other options so that Defendant could ensure that the Property was ultimately sold out from under Plaintiff.

101.    Plaintiffs could have immediately paid off the arrears on the construction loan with money from Plaintiff DR. NGUYEN's retirement account and family had DR. NGUYEN not been led to believe Plaintiffs had to pay off both loans to postpone the foreclosure sale. Plaintiffs were trying to pay off both loans in their entirety and Plaintiff DR. NGUYEN had multiple options which would have allowed her to do so, or at least pay off the construction loan. As an example, Plaintiff DR. NGUYEN had the option to sell her practice; to take out loan from private lender; to sell her property to an interested buyer; to use her retirement funds and readily available loans from her family.

102.    Plaintiffs could have taken other courses of action to postpone the sale had theyt not believed they had 30 days to pay off the loan. For instance, Plaintiff DR. NGUYEN could have paid off the loan completely with money from her retirement account and money borrowed from her family.

103.    Plaintiffs' reliance on Defendant's representations regarding the status of payoff period was reasonable, as Defendant was the owner and servicer of the loans, with the actual or apparent knowledge regarding the status of the foreclosure.

104.    As result of Plaintiffs' reasonable reliance, Plaintiffs have suffered, and continue to suffer, actual damages including, but not limited to, the loss of the Property, the loss of equipment, loss of money including but not limited to losses through overcharges, loss of reputation and goodwill and destruction of credit.

105.    Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiff-in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are

entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

**SIXTH CAUSE OF ACTION**
**Wrongful Foreclosure**
(NGUYEN DENTAL PRACTICE against WELLS FARGO)

106.    Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

107.    NGUYEN DENTAL PRACTICE was the lawful owner and possessor of the Property, and DR. NGUYEN, at all relevant times, is and was the president of NGUYEN DENTAL PRACTICE. Defendant WELLS FARGO, as the loans' servicer and the entity that caused the Property to be sold at a Trustee's Sale, had a legal duty to Plaintiffs created by the Deed of Trust and the California Civil Code, to institute foreclosure proceedings in accordance with the Deed of Trust and the Civil Code.

108.    California Civil Code 1717 prohibits attorney's fees being applied in dispute unless awarded by court.

109.    In the present case, Defendant violated these duties by selling Plaintiff's property at foreclosure without proper notice and without giving proper accounting and by actively inducing Plaintiff to not to pursue foreclosure avoidance options (such as simply paying off the arrears of the construction note by inducing Plaintiff to believe she had to pay off both notes in full) so that Defendant could ensure that the property was ultimately sold out from under Plaintiff.

110.    As a proximate result, Plaintiffs have suffered, and will continue to suffer, substantial and irreparable injury from the loss of their Property as result of Defendant's negligent misrepresentations.

111.    Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

//

THIRD AMENDED COMPLAINT
- 15

# SEVENTH CAUSE OF ACTION
## Conversion
### (against all Defendants)

112.    Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

113.    The elements for cause of action in conversion are: (1) plaintiffs' ownership or right to possession of the property at the time of the alleged conversion; (2) defendant's conversion by wrongful act or disposition of plaintiffs' property rights; and (3) damages. Plaintiff is the rightful owner of the dental equipment located in Property.

114.    While the Construction Deed of Trust creates lien on personal property, it only creates lien on personal property "attached or affixed" to the Property and items "that are directly or indirectly related to the acquisition, development, design, construction, permitting, marketing, or habitation of the Real Property or the Improvements to be constructed on the Real Property."

115.    Plaintiffs alleges that this does not include "ALL" of Plaintiffs' personal property, as the Notice of Trustee Sale declared.

116.    Plaintiffs were actively pursuing loan payoff in order to retain ownership of the Property.

117.    Defendant WELLS FARGO represented to Plaintiff DR. NGUYEN that Plaintiffs would have 30 days to pay off the loan. Defendant WELLS FARGO also led Plaintiff DR. NGUYEN to believe that Plaintiff had to pay off both loans in full to postpone the sale.

118.    Despite this representation, Defendant WELLS FARGO wrongfully sold Plaintiffs' Property to AJE at foreclosure.

119.    Defendant WELLS FARGO led AJE to believe Defendant AJE was buying not just the Property but also Plaintiffs' personal property therein. Thus, Defendants converted Plaintiffs' personal property, the dental equipment, on November 9, 2018.

120.    Defendant AJE has now taken possession of the property and the equipment therein.

121.    As the natural, reasonable, and proximate result of Defendants' conversion of Plaintiffs' property, which proper degree of prudence of the Plaintiffs' part would not have

THIRD AMENDED COMPLAINT
- 16

averted, Plaintiffs have suffered damages as result, including but not limited to the value of the dental equipment and loss of reputation and goodwill.

122.     Plaintiffs are losing income, and dental patients go untreated, everyday Plaintiffs are deprived of access to the Property.

123.     Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

## EIGHTH CAUSE OF ACTION
**Unfair Competition - Violation of Business and Professions Code §§17200 et seq.**
(against all Defendants)

124.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

125.     Defendant's conduct, as alleged above, constitutes unlawful business practices, as defined in the California Business and Professions Code 17200 et seq. California Business and Professions Code 17200 et seq. borrows Violations from other statutes and laws and makes them unlawful to engage in as business practice.

126.     Defendant WELLS FARGO'S wrongful foreclosure of Plaintiffs' Property and conversion of Plaintiffs' personal property constitute unfair business practices in Violation of California Business and Professions Code 17200 et seq.

127.     In addition, Defendant WELLS FARGO'S negligent and intentional misrepresentations to Plaintiffs regarding the status of the foreclosure sale of the Property constitute unfair business practices in violation of California Business and Professions Code 17200 et seq.

128.     Likewise, Defendant AJE's Violation of Cal. Civ. Code 2924h(g) and conversion constitute unfair business practices in Violation of California Business and Professions Code 17200 et seq.

129.     The foregoing allegations and causes of action provide the bases for violation of the unfair and unlawful prongs of California Business and Professions Code 17200 et seq. 121.

As result of Defendant's wrongful conduct, Plaintiffs have suffered various injuries according to proof at trial, including but not limited to the loss of the Property.

130.     Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

131.     Defendants are also guilty of malice, fraud and/or oppression, as defined in the California Civil Code 3924. Defendants' actions were in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct and attorney's fees.

### NINTH CAUSE OF ACTION
**Declaratory Relief**
(against AJE)

132.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

133.     An actual controversy has arisen and now exists between Plaintiffs and Defendant AJE concerning their respective rights and duties in that Plaintiffs' dental equipment are not subject to construction lien, whereas Defendant AJE disputes these contentions and contends that Plaintiffs' dental equipment is subject to the construction lien.

134.     Plaintiffs allege that neither the Construction Deed of Trust, Construction Loan Agreement, or any other document create lien on all of Plaintiffs' personal property.

135.     Specifically, while the Construction Deed of Trust created lien on some personal property, it only created lien on 'personal property "attached or affixed" to the Property and items "that are directly or indirectly related to the acquisition, development, design, construction, permitting, marketing, or habitation of the Real Property or the Improvements to be constructed on the Real Property."

136.     Plaintiffs assert that this does not include "ALL" of Plaintiffs' personal property, as the Notice of Trustee Sale declared.

137.     Plaintiffs desire judicial determination of their rights and duties, and declaration as to the ownership of the dental equipment.

138. Judicial declaration is necessary and appropriate at this time under the circumstances in order that both Plaintiffs and Defendant AJE may ascertain their rights and duties.

## DEMAND FOR JURY TRIAL AND AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs demand trial by jury. Plaintiffs pray for judgment and order against Defendants, as follows:

139. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

140. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

141. For an order compelling said Defendant AJE, and each of them, to transfer legal title and possession of the subject property to PHUONG T. NGUYEN, D.D.S., INC;

142. For declaration and determination that PHUONG T. NGUYEN, D.D.S., INC is the rightful holder of title to the property and that Defendant AJE herein, and each of them, be declared to have no estate, right, title or interest in said property;

143. For an order stating that Defendants engaged in unfair business practices;

144. For damages, disgorgement, specific performance, and injunctive relief;

145. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

146. For special damages, damages for emotional distress, and damages in an amount sufficient to punish Defendant WELLS FARGO and deter future misconduct;

147. For declaration that Plaintiffs are the rightful owner of the dental equipment; and

148. For such other and further relief as the Court may deem just and proper.

Date: September 16, 2019

NOCOS LAW GROUP

_____
Reuben L. Nocos, Esq.
Attorneys for Plaintiffs

THIRD AMENDED COMPLAINT
- 19

# Exhibit A

 **WELLS FARGO BANK, NATIONAL ASSOCIATION**
**BUSINESS BANKING SERVICES DIVISION**
**1-866-727-5363, Option 2, Fax 1-866-359-4110**
**PO Box 659713**
**San Antonio, TX. 78265-9827**

> This payoff is effective for 30 calendar days from the date of this letter.

November 06, 2018

Wells Fargo Bank N.A.

**Attn:** Deborah Ann Sullivan, **Fax:** N/A , **Phone:** 210-856-2036

| | |
|---|---|
| Loan Number: | 6462890894-26 |
| | Job ID#: 1690493931 |
| Borrower(s): | Phuong T. Nguyen |
| | Shawn C. Paxson |
| Property Address: | 648 Jenevein Ave., San Bruno, CA 94066 |
| Escrow/Title Number: | N/A |
| Account Officer: | Deborah Ann Sullivan |
| Phone Number: | 210-856-2036 |
| Address of Account Officer (for AZ only): | N/A |

In accordance with your request, please find below the payoff quote for the above account.

**FULL PAYOFF**

If the loan is real estate secured, once the above account and all other secured indebtedness have been paid in full, we will issue a full reconveyance/release that will be sent to the county recorder's (or other appropriate) office for recording. Notwithstanding the foregoing, nothing herein is intended to terminate or release the obligations of the borrower under any provisions of the loan and related agreements which by their terms survive repayment of the loan and termination/release of any loan documents, all of which obligations shall continue, nor terminate or release any obligations of any guarantor under the provisions of the guaranty which by its terms survive termination.

| | |
|---|---|
| **Principal Amount Due:** | $337,638.25 |
| **Interest through:** 11/6/2018 | $53,090.92 |
| **Prepayment Amount:** | $0.00 |
| **Reconveyance Fee (if applicable):** | $40.00 |
| **Late Fees (subject to change):** | $118.72 |
| **CRA 11 SBA Payoff Fee:** | $35.00 |
| | |
| **TOTAL:** | **$390,922.89** |
| | |
| The interest per diem is: | $70.34 |

We reserve the right to amend or cancel our instructions at any time prior to payment of our above payoff. This payoff is subject to change should the principal balance change. If you should payoff on a different day, the interest needs to be adjusted accordingly. If you mail your payoff, please include 10 days of interest; or you may take the payoff into your local Wells Fargo office for immediate credit.

If you have any questions regarding this matter, please contact the account officer listed above for assistance. Additionally, please send any requests for account closure and/or release of collateral to the account officer listed above.

## PAYMENTS NOT SENT VIA THE WIRE INSTRUCTIONS MAY INCUR ADDITIONAL

**INTEREST CHARGES.  PLEASE INCLUDE THIS STATEMENT WITH YOUR PAYOFF.**

Wire Instructions:      Wells Fargo Bank, Attn: Loan Servicing
                               Routing # 121000248   Acct # 0007638-4050720
                               Include the Wells Fargo loan number and borrower name

Overnight Address:     Wells Fargo Bank, National Association
                               401 North Research Parkway
                               Attn: Payment Processing D4004-03C
                               Winston-Salem, NC 27101

Account Officer
Wells Fargo Bank, N.A.

# Exhibit B



**WELLS FARGO BANK, NATIONAL ASSOCIATION**
**BUSINESS BANKING SERVICES DIVISION**
**1-866-727-5363, Option 2, Fax 1-866-359-4110**
**PO Box 659713**
**San Antonio, TX. 78265-9827**

> This payoff is effective for 30 calendar days from the date of this letter.

November 06, 2018

Wells Fargo Bank N.A.

**Attn:** Deborah Ann Sullivan, **Fax:** N/A , **Phone:** 210-856-2036

| | |
|---|---|
| Loan Number: | 6462890894-67 |
| | Job ID#: 1782461501 |
| Borrower(s): | Phuong T. Nguyen |
| | Shawn C. Paxson |
| Property Address: | 648 Jenevein Ave., San Bruno, CA 94066 |
| Escrow/Title Number: | N/A |
| Account Officer: | Deborah Ann Sullivan |
| Phone Number: | 210-856-2036 |
| Address of Account Officer (for AZ only): | N/A |

In accordance with your request, please find below the payoff quote for the above account.

### FULL PAYOFF

If the loan is real estate secured, once the above account and all other secured indebtedness have been paid in full, we will issue a full reconveyance/release that will be sent to the county recorder's (or other appropriate) office for recording. Notwithstanding the foregoing, nothing herein is intended to terminate or release the obligations of the borrower under any provisions of the loan and related agreements which by their terms survive repayment of the loan and termination/release of any loan documents, all of which obligations shall continue, nor terminate or release any obligations of any guarantor under the provisions of the guaranty which by its terms survive termination.

| | |
|---|---|
| **Principal Amount Due:** | $293,789.93 |
| **Interest through:** 11/6/2018 | $49,049.15 |
| **Prepayment Amount:** | $0.00 |
| **Reconveyance Fee (if applicable):** | $40.00 |
| **Late Fees (subject to change):** | $1,809.81 |
| **CRA 11 SBA Payoff Fee:** | $35.00 |
| **Legal Fees:** | $73,240.54 |
| **Appraisal Fees:** | $19,892.96 |
| **Environmental Fees:** | $6,800.00 |
| **Other Fees:** | $8,867.62 |
| | |
| **TOTAL:** | **$453,525.01** |
| | |
| **The interest per diem is:** | $64.47 |

We reserve the right to amend or cancel our instructions at any time prior to payment of our above payoff. This payoff is subject to change should the principal balance change. If you should payoff on a different day, the interest needs to be adjusted accordingly. If you mail your payoff, please include 10 days of interest; or you may take the payoff into your local Wells Fargo office for

immediate credit.

If you have any questions regarding this matter, please contact the account officer listed above for assistance. Additionally, please send any requests for account closure and/or release of collateral to the account officer listed above.

**<u>PAYMENTS NOT SENT VIA THE WIRE INSTRUCTIONS MAY INCUR ADDITIONAL INTEREST CHARGES. PLEASE INCLUDE THIS STATEMENT WITH YOUR PAYOFF.</u>**

Wire Instructions:     Wells Fargo Bank, Attn: Loan Servicing
                       Routing # 121000248   Acct # 0007638-4050720
                       Include the Wells Fargo loan number and borrower name

Overnight Address:     Wells Fargo Bank, National Association
                       401 North Research Parkway
                       Attn: Payment Processing D4004-03C
                       Winston-Salem, NC 27101

Account Officer
Wells Fargo Bank, N.A.

## VERIFICATION TO THIRD AMENDED COMPLAINT

I, PHUONG T. NGUYEN, am representative of named Plaintiff PHUONG T. NGUYEN, D.D.S., INC. in the above-entitled action. I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing Third Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ____September 16____, 2019, in ____Daly City_____, California.

PHUONG T. NGUYEN