UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUONG T. NGUYEN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>          Defendants. | Case No. 22-cv-07166-EMC<br><br>**ORDER GRANTING UNITED STATES'S MOTION TO DISMISS**<br><br>Docket No. 18 |

Currently pending before the Court is the United States's motion to strike or, in the alternative, to dismiss. The government seeks relief both with respect to the operative complaint filed by Plaintiffs Phuong Nguyen and Phuong T. Nguyen, D.D.S., Inc. ("Nguyen DDS") and the operative cross-claim filed by Michael Flores.[1] Having considered the parties' briefs and accompanying submissions, the Court hereby finds this matter suitable for disposition without oral argument. The government's motion to dismiss is hereby **GRANTED**, and the Court remands the case back to state court.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

The instant action is related to an earlier-filed action, *Nguyen v. Wells Fargo, N.A.*, No. C-20-7991 EMC (N.D. Cal.) (hereinafter referred to as "*Nguyen I*") – in fact is a continuation of that action. In *Nguyen I*, Ms. Nguyen and Nguyen DDS initiated a lawsuit in 2018 in state court. In

---

[1] Both Ms. Nguyen and Mr. Flores are individuals proceeding pro se. Nguyen DDS appears to be a corporation. Under the Civil Local Rules of this District, "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b). No attorney has made an appearance on the behalf of Nguyen DDS. For purposes of the pending motion, this failure is not material.

November 2020, the government removed the case from state to federal court because the plaintiffs had made an amendment to their pleading (the third amended complaint). Specifically, Ms. Phuong had asserted claims against the U.S. Small Business Administration ("SBA") and two SBA employees (Jovita Carranza and Christina Goebelsmann). Removal was effected pursuant to 28 U.S.C. § 1442(a)(1) (providing that a civil action commenced in state court may be removed to federal court if brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office"). Because the government certified that the SBA employees were acting within the scope of their offices or employments at the time of the incident out of which the claims arose, the action was, pursuant to statute, deemed an action against the United States, and the United States was substituted as the party defendant. *See* 28 U.S.C. § 2679(d)(2).[2]

Subsequently, in January 2021, the Court issued an order addressing several motions that had been filed in *Nguyen I*. First, the Court granted a motion to strike the fourth amended complaint (which had been filed by Ms. Nguyen only) because Ms. Nguyen had not asked for leave to file that pleading. Second, the Court granted the government's motion to dismiss the

---

[2] The text of § 2679(d)(2) is as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2); *see also Kalil v. Johanns*, 407 F. Supp. 2d 94, 97 (D.D.C. 2005) (noting that the Federal Tort Claims Act "allows the Attorney General to certify that an employee who has been sued for a wrongful or negligent act was acting within the scope of his employment at the time of the alleged incident," and, "'[u]pon certification, the employee is dismissed from the action and the United States is substituted as Defendant'"). Ms. Nguyen did not contend that the SBA employees were *not* acting within the scope of their employment at the relevant time.

2

1  operative third amended complaint. The Court did on two grounds: (1) the allegations related to
2  the government were conclusory; and (2) there was no subject matter jurisdiction because the
3  plaintiff had failed to comply with the Federal Tort Claims Act (no exhaustion of administrative
4  remedies). Finally, the Court denied Ms. Nguyen's motion for leave to file a fifth amended
5  complaint – noting that, as to the government, there were the same deficiencies as above. The
6  Court thus remanded *Nguyen I*.

*Nguyen I* continued to be litigated in state court for several months. Then, in August 2021, Ms. Nguyen filed an amendment to the operative pleading (still the third amended complaint), naming another SBA employee as a defendant (Joseph King III).[3] Mr. King did not get a copy of the operative pleading until October 2022. The government removed shortly thereafter, thus giving rise to the instant case (hereinafter referred to as "*Nguyen II*").[4] As above, because the government certified that Mr. King was acting within the scope of his office or employment at the time of the incident out of which the claims arose, this action is, pursuant to statute, deemed an action against the United States, and the United States is substituted as the party defendant.[5] *See* 28 U.S.C. § 2679(d)(2).

Now pending before the Court is the government's motion to strike or dismiss in *Nguyen II*. The government seeks relief not only with respect to the claims filed against it by Ms. Nguyen but also with respect to cross-claims filed by Mr. Flores. Mr. Flores was initially brought into this case as a defendant. Ms. Nguyen added him as a defendant after this Court remanded *Nguyen I* to

---

[3] According to Ms. Nguyen, she "filed DOE Amendments to add a few more Federal Employees which she had thereafter discovered were the true identities of previous defendants sued as Does." Nguyen Opp'n at 4.

[4] In his opposition brief, Mr. Flores argues that the removal was improper because the United States did not get his consent to removal. He is incorrect. Title 28 U.S.C. § 1446 provides in relevant part that, "[w]hen a civil action is removed *solely under section 1441(a)*, all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Here, the United States did not remove under 28 U.S.C. § 1441 but rather § 1442.

[5] Ms. Nguyen has not disputed that Mr. King was acting within the scope of his employment during the relevant time.

3

state court.[6] Mr. Flores filed a cross-claim against, *inter alia*, the government in or about August 2021 and then an amended cross-claim in or about October 2022. The original cross-claim contained only state law claims; the amended cross-claim includes both state and federal claims (specifically, for violations of RICO).

## II.     DISCUSSION

A.     Legal Standard

The government has moved, as an initial matter, to strike Ms. Nguyen's and Mr. Flores's pleadings and, in the alternative, to dismiss. Motions to strike are governed by Federal Rule of Civil Procedure 12(f), and motions to dismiss by Rule 12(b).

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Under Rule 12(b), a court has the authority to dismiss under various circumstances. For example, under Rule 12(b)(6), dismissal is warranted where there is a "failure to state a claim upon which can be granted." To overcome a Rule 12(b)(6) motion, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

---

[6] Although Ms. Nguyen has formally sued Mr. Flores, other defendants in this case have charged the two with working together. This claim is not unsubstantiated. For example, in *Nguyen I*, Ms. Nguyen efiled Mr. Flores's opposition to the motion to relate, and the substance of her opposition to the motion to relate and that of Mr. Flores's were essentially the same. Similarly, in *Nguyen II*, Ms. Nguyen and Mr. Flores's oppositions to the government's motion to strike/dismiss (as well as their oppositions to the Wells Fargo Defendants' motion to dismiss) are substantively similar, at times using the same language. The Wells Fargo Defendants have filed a motion to dismiss in this case that discusses in detail the alleged abuse of judicial process and fraud by Ms. Nguyen and Mr. Flores working jointly together. *See* Docket No. 14 (motion). The Court acknowledges that, in *Nguyen I*, Mr. Flores gave an explanation as to why his brief was substantively the same. The Court is not making any finding at this time whether or not Ms. Nguyen and Mr. Flores are in some sort of conspiracy. It is simply noting that the defense claim that they are conspiring together has some evidentiary support.

4

possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

Dismissal is also appropriate under Rule 12(b)(1) where subject matter jurisdiction is lacking. A Rule 12(b)(1) jurisdictional attack may be factual or facial. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack [as here], the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)

As noted above, the government has in the first instance moved to strike the pleadings of Ms. Nguyen and Mr. Flores. The Ninth Circuit, however, has indicated that application of Rule 12(f) should not be stretched in a way that infringes on the scope of Rule 12(b). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) (noting that "none of the five categories [enumerated in Rule 12(f)] covers the allegations in the pleading sought to be stricken by [defendant]"; "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law" – rather, that is better suited for Rule 12(b)(6) or Rule 56). Here, the government's arguments are more in the nature of Rule 12(b) arguments, and therefore the Court evaluates the government's arguments under a Rule 12(b) lens.

To the extent Ms. Nguyen and Mr. Flores have argued that Federal Rule of Civil Procedure 56 and/or its standard is applicable (*e.g.*, whether there are genuine disputes of material fact), they are incorrect. The government is not making a motion under that rule or standard. Furthermore, because the government's Rule 12(b)(6) and 12(b)(1) motions are facial challenges – *i.e.*, limited to the face of the pleadings – Ms. Nguyen and Mr. Flores's contention that the motion should be rejected because it is not supported by a declaration fails.

B.     Ms. Nguyen's Claims

In its motion, the government argues that the amendment adding Mr. King/the United States to the action should be rejected because Ms. Nguyen did not have leave of the Court to file the amendment. The government further argues that, even if the Court were to entertain the claims

5

against it, the claims it should be dismissed because there is no subject matter jurisdiction (failure to exhaust administrative remedies under the FTCA) and there is claim preclusion (res judicata).

For purposes of the pending motion, the Court need only address the subject matter and preclusion arguments. Both arguments are meritorious. In its prior order in *Nguyen I*, the Court explained why it did not have subject matter jurisdiction over the claims asserted against the government in the third amended complaint. Ms. Nguyen has brought the same third amended complaint against the government here in *Nguyen II*; the reasoning in *Nguyen I* applies here to *Nguyen II*. Moreover, because the Court adjudicated the claims against the government in *Nguyen I*, Ms. Nguyen is barred by claim preclusion from relitigating in *Nguyen II*. The fact that she named a different SBA employee is immaterial because the United States was substituted in as the defendant in both *Nguyen I* and *II*.

Because the Court lacks subject matter jurisdiction over the claims against the government, it remands, just as it did in *Nguyen I*. The Court acknowledges that some of the nongovernmental defendants have asked the Court to retain supplemental jurisdiction. *See, e.g.*, Docket No. 14 (motion). But the Court does not have subject matter jurisdiction in the first instance and thus there is no supplemental jurisdiction to retain. And even if the Court did have supplemental jurisdiction, it would decline to exercise it. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). The Court is not unsympathetic to the nongovernmental defendants' frustration with how Ms. Nguyen and Mr. Flores appear to have litigated the case. Nevertheless, this Court has done little to adjudicate the merits of the case and thus is not any better positioned than the state court; no judicial economy would be achieved by this Court's retention of supplemental jurisdiction. Moreover, the alleged abuse of process and fraud has largely been conducted in state court.

C. Mr. Flores's Cross-Claims

As to Mr. Flores's cross-claims, the government makes several arguments: (1) the pleading is procedurally deficient in that Ms. Flores brought cross-claims against the government at a time when it was not a party to the proceedings any longer; (2) the Court lacks subject matter

6

jurisdiction over Mr. Flores's cross-claims; and (3) the cross-claims fail to state a claim for relief.[7]

For purposes of the pending motion, the Court need only address the third argument. Mr. Flores has reflexively named the government as a defendant in each of the asserted cross-claims. However, his allegations are, for the most part, entirely conclusory. For example, he has failed to explain how the government allegedly engaged in fraud, had any kind of common purpose with the nongovernmental defendants, or otherwise conspired with the nongovernmental defendants. In his opposition brief, he fails to provide any further details about the government's alleged misconduct.

At best, Mr. Flores has claimed negligence on the part of the government.[8] *See, e.g.*, Cross-Claim ¶ 14 (alleging that the SBA "was negligent because they advertise on their website that there aren't any balloon payments[] [y]et, they allowed Wells Fargo Bank, N.A. to add balloon payments on the subject Deeds of Trust which resulted in Plaintiff Nguyen getting the subject property foreclosed on"); Cross-Claim ¶ 16 (alleging that he "suffered damages, because he had a lease-to-own contract with Plaintiff Nguyen and was buying the subject property from her"). But even if it might be debatable about whether the SBA may have owed some kind of duty to Ms. Nguyen (to be clear, the Court is *not* holding such), it is entirely implausible that the SBA would owe any kind of duty to Mr. Flores, who was (as self-described) simply going to buy the real property at issue from Ms. Nguyen. *See Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213-15 (2021) (noting that an essential element of a negligence claim is that defendant had a duty to plaintiff, which is a question of law to be resolved by a court; indicating that courts are reluctant to find a duty where there is simply nonfeasance as opposed to misfeasance – *i.e.*, as a general matter, there is no duty to protect). There is, for example, no special relationship between the

---

[7] To the extent Mr. Flores has argued that it was improper for the government to file a "combination" motion – *i.e.*, one addressing both Ms. Nguyen's pleading and his own – he is incorrect. Moreover, Mr. Flores has failed to show any prejudice as a result of the so-called "combination" motion.

[8] The assertion of negligence cannot support the RICO claims that have been pled. *See Simms v. Schwab*, No. 3:19-cv-05642 BHS, 2019 U.S. Dist. LEXIS 187420, at *14 (W.D. Wash. Oct. 29, 2019) ("'[T]he purported existence of an enterprise must rest on more than the mere assertion that one entity's alleged misconduct or negligence was beneficial to another entity.'").

7

SBA and Mr. Flores, nor is there one between the SBA and any of the nongovernmental defendants because the former does not have not the ability to control the latter's conduct. *See id.* at 216 ("A special relationship between the defendant and the victim is one that 'gives the victim a right to expect' protection from the defendant, while a special relationship between the defendant and the dangerous third party is one that 'entails an ability to control [the third party's] conduct.'").

Because amendment by Mr. Flores on the issue of duty would be futile, the Court dismisses his cross-claims against the government with prejudice. Furthermore, because the Court is dismissing Mr. Flores's cross-claims against the government, the only basis for which there was removal of the case, the Court declines to exercise supplemental jurisdiction over his cross-claims against the remaining cross-defendants.

### III. CONCLUSION

For the foregoing reasons, the Court grants the government's motion to dismiss. Both Mr. Nguyen's claims against the government and Mr. Flores's cross-claims are dismissed with prejudice. The Court remands the case back to state court. The Court notes that there a number of motions to dismiss pending by the nongovernmental defendants. The Court's ruling here expresses no opinion on the merits of those motions.

This order disposes of Docket No. 18. The Clerk of the Court is directed to remand the case in accordance with the above.

**IT IS SO ORDERED**.

Dated: December 20, 2022

_____
EDWARD M. CHEN
United States District Judge